IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GREG JOHNSON,

        Petitioner,

    v.

CYNTHIA MAUSSER,
OHIO ADULT PAROLE BOARD,

    Respondent.

CASE NO. 2:14-CV-00592
JUDGE GEORGE C. SMITH
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition,* Respondent's *Return of Writ,* Petitioner's *Traverse,* and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**Facts**

Petitioner is currently serving a sentence of fifteen years to life incarceration on a 1993 murder conviction. He does not challenge in these proceedings his judgment of conviction, but the parole board's refusal to grant him release on parole at his September 22, 2003, June 23, 2009, and June 22, 2012 parole hearings. *Petition* (ECF No. 1, PageID# 9.) Petitioner asserts that the guidelines applied by the parole board violate the Ex Post Facto Clause and that the parole board has unconstitutionally denied him release. It is the position of the Respondent that this action is barred by the one year statute of limitations under 28 U.S.C. § 2244(d). Respondent alternatively argues that Petitioner has failed to exhaust his claims and that his claims lack merit.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Petitioner's claims are plainly time barred.

The United States Court of Appeals for the Sixth Circuit has stated that, in the context of a challenge to a parole denial, the one-year statute of limitations begins when under 28 U.S.C. § 2244(d)(1)(D), petitioner could have discovered the factual predicate of his claims through the exercise of due diligence. *Alexander v. Birkett*, 228 F. App'x 534, 2007 WL 1063270 (6th Cir.

April 9, 2007) (statute of limitations on claim that parole board's denial of release on parole violated the Ex Post Facto Clause began to run when petitioner could have discovered through due diligence the change in policy regarding parole eligibility for prisoners sentenced to life terms); *see also Ali v. Tennessee Board of Pardon & Parolees*, 431 F.3d 896, 898 (6th Cir. 2005) (challenge to the parole board's denial of release on parole timely where filed within one year of decision denying release on parole); *Guerrero v. Palmer*, No. 1:05-CV-285, 2006 WL 2077581 (W.D. Mich. July 24, 2006) (statute of limitations begins to run on challenges to parole board's repeated denials of release on parole on the date that petitioner could have discovered with due diligence changes in state law and parole policy regarding parole eligibility). The Court of Appeals also emphasized the one year statute of limitations applies to these types of cases in *Bachman v. Bagley,* 487 F.3d 979, 984-85 (6th Cir. 2007), holding that "Sixth Circuit precedent dictates . . . that courts determine the beginning of the one-year statute of limitations period based on the content of the prisoner's claim." The Court noted as follows:

> [T]he Sixth Circuit has permitted prisoners to challenge a state parole board's administrative denial of parole in a habeas petition filed within one year of the parole denial becoming final, *Ali v. Tennessee Board of Pardon & Paroles*, 431 F.3d 896, 898 (6th Cir. 2005), and to challenge the revocation of parole within one year of the revocation decision becoming final, *Bogan v. Hufman*, No. 98-4425, 2000 WL 1800572, ----1-2, 2000 U.S. App. LEXIS 31039, at *3-4 (6th Cir. Nov. 30, 2000).

*Id*.

Here, the statute of limitations began to run on Petitioner's claims, at the latest point in time, in March of 2013, when Petitioner received notification of the parole board's denial of his request for reconsideration of its denial of his release on parole. (ECF No. 5-1, PageID# 165.) The statute of limitations therefore expired one year later, in March of 2014. Petitioner did not execute the instant habeas corpus petition until June 13, 2014. (ECF No. 1, PageID# 12.) The

3

one year statute of limitations therefore bars this action.  Further, the record fails to reflect that equitable tolling of the statute of limitations is warranted.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010)(a petitioner is entitled to equitable tolling only where he has diligently pursued relief and some extraordinary circumstance prevented his timely filing)(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Henson v. Warden, London Correctional Inst.*, --- F. App'x, ---, 2015 WL 4567376, at *2 (6th Cir. July 29, 2015).

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*s/ Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge